IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CLEVELAND EVANS,

    Plaintiff,                   No. CIV S-04-2151 LKK GGH P

    vs.

JEANNE WOODFORD, et al.,

    Defendants.        <u>ORDER</u>

                    /

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. By order filed February 11, 2005, plaintiff's first amended complaint was dismissed with leave to file a second amended complaint. Plaintiff has filed a second amended complaint.

        As plaintiff has been informed, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

1

1  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
2  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
3  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
4  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
5  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
6  Cir. 1989); Franklin, 745 F.2d at 1227.

        A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

        The amended complaint states a colorable claim for relief against defendant RN Nicholas pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b).

        Plaintiff's original complaint was dismissed by the court's prior order and plaintiff was therein informed that an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  He was also told that once he files an amended complaint, the original pleading no longer serves any function in the case and that, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  However, the court will construe the amended complaint as seeking money damages as plaintiff does not set forth the relief he seeks.

        In plaintiff's amended complaint plaintiff has failed to sufficiently allege the Eighth Amendment claim for inadequate medical care on which he apparently seeks to proceed

against defendants Woodford and Knowles.[1] Plaintiff's claims against these individuals is apparently predicated on supervisory liability, notwithstanding his efforts to impute personal knowledge to him by way of the grievance process. Plaintiff has been previously informed that the Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

To the extent plaintiff seeks to hold defendants Woodford and Knowles liable because of his appeal responses, plaintiff is informed that there is no constitutional right to an

---

[1] Plaintiff asserts that he does not state a claim as to Sgt. Featherly, SMTA Reves and SRN D. Howell. Amended Complaint, p. 2.

3

inmate appeals process in the first place. Prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003), citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Even the non-existence of, or the failure of prison officials to properly implement, an administrative appeals process within the prison system does not raise constitutional concerns. Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). See also, Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993); Flick v. Alba, 932 F.2d 728 (8th Cir. 1991). Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D.Ill. 1982) ("[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment"). Specifically, a failure to process a grievance does not state a constitutional violation. Buckley, supra. State regulations give rise to a liberty interest protected by the Due Process Clause of the federal constitution only if those regulations pertain to "freedom from restraint" that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. at 484, 115 S. Ct. at 2300.[2] Plaintiffs claims against defendants Woodford and Knowles are once again dismissed. Plaintiff is granted leave to amend within thirty days.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless

---

[2] "[W]e recognize that States may under certain circumstances create liberty interests which are protected by the Due Process Clause. See also Board of Pardons v. Allen, 482 U.S. 369, 107 S.Ct. 2415, 96 L.Ed.2d 303 (1987). But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, see, e.g., Vitek, 445 U.S., at 493, 100 S.Ct., at 1263-1264 (transfer to mental hospital), and Washington, 494 U.S., at 221-222, 110 S.Ct., at 1036-1037 (involuntary administration of psychotropic drugs), nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."Sandin v. Conner, supra.

there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's claims against Woodford and Knowles are dismissed for the reasons discussed above, with leave to file a third amended complaint within thirty days from the date of service of this Order. Failure to file a third amended complaint will result in a recommendation that these defendants be dismissed from this action.

2. Should plaintiff fail to file a third amended complaint prior to the expiration of time allowed for him to do so, the court will proceed to make further orders for service of process of the second amended complaint upon defendant Nicholas and will recommend dismissal of defendants Woodford and Knowles.

\\\\\
\\\\\
\\\\\
\\\\\

3.  Should plaintiff file a third amended complaint, upon screening, the court will make further orders for service of process upon any appropriate defendants.

DATED: 9/12/05

/s/ Gregory G. Hollows

_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

ggh:009
evan2151.amd